```
              UNITED STATES DISTRICT COURT
              NORTHERN DISTRICT OF ILLINOIS
                    EASTERN DIVISION

PROSPERO DAVID LASSI,                  )
                                       )
              Plaintiff,               )
                                       )
         v.                            )
                                       )
VILLAGE OF LAGRANGE PARK,              )   Case No. 09 cv 7958
LaGrange Park Police Officer           )
DARREN PEDOTA, Star No. 330,           )
LaGrange Park Police Officer           )
WILK, Star No. 309, LaGrange Park      )
Police Sergeant F. HERNANDEZ,          )
Star No. 214, Village of               )
Brookfield Police Officers LOWRY,      )
KURUVILLA, HARRISON, BURKA, and        )
PATTON, and VILLAGE OF BROOKFIELD,     )
                                       )   JURY TRIAL DEMANDED
              Defendants.              )
```

## COMPLAINT

Plaintiff, PROSPERO DAVID LASSI, by his attorneys, LOEVY & LOEVY, complains of Defendants VILLAGE OF LAGRANGE PARK, LaGrange Park Police Officers DARREN PEDOTA, Star No. 330, WILK, Star No. 309, Village of LaGrange Park Police Sergeant F. HERNANDEZ, Star No. 214, Village of Brookfield Police Department Officers LOWRY, KURUVILLA, HARRISON, BURKA, and PATTON, and VILLAGE OF BROOKFIELD, as follows:

**Introduction**

1. On the morning of April 9, 2009, Plaintiff Prospero David Lassi was shot eleven times in a row with a Taser gun by Defendant Pedota while he was suffering from a diabetes-induced seizure. Those fifty-six seconds of electric shock, inflicted on Mr. Lassi while he was lying unresponsive on the floor of his bedroom, permanently scarred Mr. Lassi and caused him neurological damage that has not abated.

2. This action is brought under 42 U.S.C. § 1983 to redress the deprivation under color of law of Mr. Lassi's rights as secured by the United States Constitution.

**Jurisdiction and Venue**

3. This Court has jurisdiction of the action under 28 U.S.C. §§ 1331 and 1367.

4. Venue is proper under 28 U.S.C. § 1391(b). All parties reside in this judicial district, and the events giving rise to the claims asserted herein occurred within the district.

**Parties**

5. Plaintiff Prospero David Lassi is a 40-year-old resident of Chicago. He is employed full-time by Southwest Airlines.

6. Defendants Pedota, Wilk, and Hernandez (hereinafter, "LaGrange Defendants") are or were employed by the Village of

LaGrange Park Police Department. At all times relevant to this Complaint, Defendants Pedota, Wilk, and Hernandez acted under color of law as Village of LaGrange Park police officers and acted within the scope of their employment.

7. Defendants Lowry, Kuruvilla, Harrison, Burka, and Patton (hereinafter, "Brookfield Defendants") are or were employed by the Village of Brookfield Police Department. At all times relevant to this Complaint, Defendants Lowry, Kuruvilla, Harrison, Burka, and Patton acted under color of law as Village of Brookfield police officers and acted within the scope of their employment.

**Factual Allegations**

8. Plaintiff Prospero David Lassi is a diabetic. On the morning of April 9, 2009, while in his home, Mr. Lassi suffered a diabetes-induced seizure.

9. Mr. Lassi's roommate, John Roza, heard Mr. Lassi groaning in pain and rushed to Mr. Lassi's room. There he observed Mr. Lassi lying on the ground and foaming from the mouth. Mr. Roza called 911, seeking emergency medical assistance.

10. Shortly after 911 was called, the LaGrange and Brookfield Defendants, as well as paramedics from the LaGrange Park Ambulance service, arrived at Mr. Lassi's home. Mr. Roza

informed the LaGrange and Brookfield Defendants and paramedics about Mr. Lassi's diabetes and explained that Mr. Lassi was having a seizure and needed medical care.

11. The paramedics began to examine Mr. Lassi, but because of his medical condition, Mr. Lassi was not alert and could not move his body. The paramedics enlisted the LaGrange and Brookfield Defendants' assistance in moving Mr. Lassi from where he was laying.

12. According to one or more of the LaGrange Defendants, one of Mr. Lassi's arms flailed during his diabetes-induced seizure, striking one of the LaGrange and Brookfield Defendants. At no time did Mr. Lassi intentionally strike or offensively touch any of the LaGrange or Brookfield Defendants.

13. Reacting to Mr. Lassi's involuntary movement, one or more of the LaGrange and Brookfield Defendants pushed Mr. Lassi to the ground, forcibly restraining him there.

14. Defendant Pedota then withdrew his Taser, an electroshock weapon that uses electrical current to disrupt a person's control over his muscles, and electrocuted Mr. Lassi eleven times.

15. Mr. Lassi remained immobile on the floor and was unable to defend himself during this attack. None of the other LaGrange and Brookfield Defendants attempted to interrupt

Defendant Pedota's repeated use of the Taser.

16. After Mr. Lassi was subjected to nearly one full minute of Taser shock, one or more of the LaGrange and Brookfield Defendants and paramedics transported him to Adventist LaGrange Memorial Hospital, where he was treated for his injuries.  He remained in the hospital for five days.

17. As a result of this incident, Mr. Lassi has permanent scars on his skin, including a scar on his face.  Mr. Lassi has also suffered, and continues to suffer, neurological and musculoskeletal injuries, among other injuries.

18. Because of the LaGrange and Brookfield Defendants' conduct, in addition to the foregoing injuries, Mr. Lassi was unable to work for more than three months, and his quality of life has suffered substantially.

19. At no time did Mr. Lassi do anything to warrant the use of force against him.  Mr. Lassi was never cited, arrested, or charged with any crime.

## Count I – 42 U.S.C. § 1983
### Excessive Force

20. Each of the paragraphs of this Complaint is incorporated as if fully restated herein.

21. The conduct of the LaGrange and Brookfield Defendants toward Plaintiff constituted excessive force in violation of the Fourth Amendment to the United States Constitution.

22. The LaGrange and Brookfield Defendants' misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

23. Furthermore, the LaGrange Defendants' misconduct described in this Count was undertaken pursuant to the policy and practice of the Village of LaGrange Park Police Department in that, as a matter of both policy and practice, the Village of LaGrange Park Police Department directly encourages, and is thereby the moving force behind, the very type of misconduct at issue here by failing to adequately train, supervise, or control its officers regarding the use of force in medical emergencies, as well as the use of Tasers, and by failing to adequately punish and discipline prior instances of similar misconduct, thus directly encouraging future abuses such as those inflicted upon Plaintiff, such that its failure to do so manifests deliberate indifference.

24. As a result of the unjustified and excessive use of force by the LaGrange and Brookfield Defendants, and the Village of LaGrange Park's policy and practice, Plaintiff has suffered, and continues to suffer, pain and injury, as well as emotional distress.

25. The misconduct described in this Count was undertaken

by the LaGrange and Brookfield Defendants within the scope of their employment and under color of law such that their respective employers, Village of LaGrange Park and Village of Brookfield, are liable for their actions.

### Count II – 42 U.S.C. § 1983
### Failure to Intervene

26. Each of the paragraphs in this Complaint is incorporated as if restated fully herein.

27. One or more of the LaGrange and Brookfield Defendants had a reasonable opportunity to prevent another Defendant from using excessive force against Plaintiff but failed to do so.

28. As a result of the LaGrange and Brookfield Defendants' failure to intervene, Plaintiff suffered pain and injury, as well as emotional distress.

29. The misconduct by the LaGrange Defendants described in this Count was undertaken pursuant to the policy and practice of the Village of LaGrange Park Police Department in the manner described more fully above.

30. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to the rights of others.

31. The misconduct described in this Count was undertaken by the LaGrange and Brookfield Defendants within the scope of their employment and under color of law such that their

7

respective employers, Village of LaGrange Park and Village of Brookfield, are liable for their actions.

### Count III – 42 U.S.C. § 1983
### Supervisory Liability

32. Each of the paragraphs in this Complaint is incorporated as if restated fully herein.

33. As more fully described in the foregoing paragraphs, the LaGrange and Brookfield Defendants used excessive force against Plaintiff.

34. Defendant Hernandez knew that the LaGrange Defendants were about to use, and ultimately, used, excessive force against Plaintiff.

35. Defendant Hernandez assisted in, condoned, or at a minimum, purposely ignored their use of excessive force.

36. As a result of Defendant Hernandez's misconduct, Plaintiff suffered physical and emotional injuries.

### Count IV – State Law Claim
### Battery

37. Each of the paragraphs of this Complaint is incorporated as if fully restated herein.

38. As described more fully in the preceding paragraphs, the actions of the LaGrange and Brookfield Defendants constituted offensive physical contact with Plaintiff.

39. As a result of the LaGrange and Brookfield Defendants'

actions, Plaintiff sustained physical and emotional injuries.

40. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to Plaintiff's rights.

41. The misconduct described in this Count was undertaken by the LaGrange and Brookfield Defendants within the scope of their employment such that their employers, Village of LaGrange Park and Village of Brookfield, are liable for their actions.

### Count V – State Law Claim
### Respondeat Superior

42. Each of the paragraphs in this Complaint is incorporated as if restated fully herein.

43. In committing the acts alleged in the preceding paragraphs, Defendants Pedota, Wilk, and Hernandez were members and agents of the Village of LaGrange Park Police Department acting at all relevant times within the scope of their employment.

44. In committing the acts alleged in the preceding paragraphs, Defendants Lowry, Kuruvilla, Harrison, Burka, and Patton were members and agents of the Village of Brookfield Police Department, acting at all relevant times within the scope of their employment.

45. Defendants Village of LaGrange Park and Village of Brookfield are liable as principals for all torts committed by

their agents.

## COUNT VI – State Law Claim
### Indemnification

46. Each of the paragraphs in this Complaint is incorporated as if restated fully herein.

47. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

48. Defendants Pedota, Wilk, and Hernandez are or were employees of the Village of LaGrange Park Police Department, who acted within the scope of their employment in committing the misconduct described herein.

49. Defendants Lowry, Kuruvilla, Harrison, Burka, and Patton are or were employees of the Village of Brookfield Police Department, who acted within the scope of their employment in committing the misconduct described herein.

WHEREFORE, Plaintiff, PROSPERO DAVID LASSI, respectfully requests that this Court enter judgment in his favor and against Defendants, VILLAGE OF LAGRANGE PARK, LaGrange Park Police Officers DARREN PEDOTA, WILK, and Sergeant F. HERNANDEZ, VILLAGE OF BROOKFIELD, and Village of Brookfield Police Department Officers LOWRY, KURUVILLA, HARRISON, BURKA,

and PATTON, awarding compensatory damages and attorneys' fees, along with punitive damages against the LaGrange and Brookfield Defendants in their individual capacities, as well as any other relief this Court deems just and appropriate.

**JURY DEMAND**

Plaintiff, PROSPERO DAVID LASSI, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

> RESPECTFULLY SUBMITTED,
>
> _____
> Attorneys for Plaintiff

Arthur Loevy
Jon Loevy
Russell Ainsworth
Roshna Bala Keen
Rachel Steinback
LOEVY & LOEVY
312 North May St
Suite 100
Chicago, IL 60607
(312) 243-5900